ARTHUR COLABELLA, PLAINTIFF, v. THE TRAVELERS FIRE INSURANCE COMPANY, DEFENDANT.

Submitted May 1, 1945—Decided September 11, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and OLIPHANT.

For the plaintiff, *Harold D. Feuerstein.*

For the defendant, *Kristeller & Zucker (Lionel P. Kristeller,* of counsel).

The opinion of the court was delivered by

OLIPHANT, J. On January 25th, 1945, the late Mr. Justice Porter issued a rule to show cause returnable before this court, *en banc,* why an order should not be made changing the venue of the above entitled cause from Ocean County to some other county.

This is a suit brought by the plaintiff on a policy of insurance issued by the defendant covering a building located in Ocean County, New Jersey.

The plaintiff is a resident of Bergen County and the defendant is a foreign corporation and service of process was effected upon it in Essex County.

The defendant's agent is in Lavalette, Ocean County, New Jersey, and that is where the policy was countersigned and

that is where the policy was obtained by the plaintiff. The policy does not state where it is to be payable.

This is a transitory action. It seeks only the recovery of money. *Hesselbrock* v. *Burlington County*, 111 *N. J. L.* 177.

The application is not based merely upon the convenience of the parties, but upon what the defendant asserts is its definite and substantial rights under the statute. *R. S.* 2:27–19. This court in *Broderick* v. *Abrams*, 116 *N. J. L.* 40, said "the current of judicial decision is that this provision confers a substantive right of which neither party may be deprived, except in the severance of the limited statutory discretion."

While the record is silent as to where demand for the payment of the loss was made and refused, it was apparently at the office of the defendant in Newark where the complaint was served. Claims were adjusted under the jurisdiction of that office and paid from there. This was where the breach occurred and the cause of action arose.

Plaintiff says it arose in Ocean County because the policy was delivered to him there and argues that the law of the place where the contract was made should govern. Several cases are cited, all enunciating the rule that the law of the state where the contract was applied for, countersigned and delivered, governs the relations of the parties. It is not applicable here. Of course no such rule applies to counties within a state.

The cause of action arising in Essex County, the defendant having been served there, and the plaintiff residing in Bergen County, adjacent thereto, the order of the court is that the venue be changed from Ocean County to Essex County. No costs will be allowed. Let such an order be entered.